15379

ELLIOTT *ET AL.* v. MORRELL *ET AL.*

(18 S. E. (2d), 871)

November, 1939.

*Mr. C. T. Graydon, Mr. John Grimball,* and *Mr. J. Bratton Davis,* all of Columbia, for appellant,

*Mr. Harold C. Seigler* and *Mr. James Hopkins,* both of Columbia, for respondent,

March 9, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

In 1931, Howell Morrell, of Horrell Hill, in Richland County, executed a mortgage to Peoples State Bank of South Carolina upon the following described land: "Tract of fifty-six (56) acres, more or less, on the Garners Ferry Road about thirteen miles from Columbia, bounded North by said road, East by McCord's Ferry Road and lands of Smith and others, South by lands now or formerly of Reese and West by lands now or formerly of McKinnon, being the same tract conveyed to me by Mary A. Reese, Book 'AK', page 465, with the exception of four acres, including the Horrell High School lot and one acre on the Garners Ferry Road adjoining said school lot, which is expressly reserved."

Following a sale in foreclosure, the appellant became the purchaser of the property, and the present controversy revolves around the acreage and location of the exception or reservation. It appears that the one acre had not been laid out and the school lot only partially so, when this litigation arose.

A civil engineer was employed who surveyed the property and found old stakes at certain corners of the school lot, but not at the northeast corner. The school building was erected in 1924, and two former trustees testified that Morrell made a deed at that time to the school for four acres, which deed one of the witnesses had seen, but it was not recorded and search among the papers of the deceased secretary of the school board failed to disclose it.

The actual occupancy by the school was of only 2.4 acres bounded on the north by a road (connecting two old public roads), opened and constructed by the county authorities for the convenience of the school when it was built and the eastern or northeastern boundary was a hedge. Under the decree of the Circuit Judge, later referred to, a projection northwestward of the line of this hedge encloses four acres in this school lot and leaves convenient room for the loca-

tion of one additional reserved acre in the southeast corner of the intersection of the James Crossing Road and the Garners. Ferry Road, measuring two hundred and eighty feet on the former and one hundred and fifty-six feet on the latter.

These lines appear in black ink upon a blue print of a plat made by the engineer with proper notation by him, also in black ink, that they were there superimposed on October 17, 1941. This blue print was presented to the Court at the oral argument of the appeal.

There were two references to the Master, the last for the purpose of fixing the area and location of the parcels of land in question, and he found that the reservation was of a total of four acres and directed that six-tenths of an acre be added on the east side of the presently occupied school lot, beyond the hedge mentioned above, in order to allot three acres to it and that one acre be set off for Morrell across the new road and in the northeast corner of the intersection of it and the James Crossing Road, which would have located it about five hundred feet from the Garners Ferry Road.

Upon exceptions to the report of the Master, the trial Judge reversed him and, after stating his reasons, held as follows: "It is, Therefore, Ordered, Adjudged and Decreed, That the reservation hereinabove referred to, be and the same is hereby construed as, and declared to be, a reservation of five acres, that is to say, four acres in the Horrell Hill School tract and one acre located on the Garners Ferry Road; that the Horrell Hill School tract be ascertained and located by extending the eastern and western boundary lines of the school lot as now occupied, in a northernly direction until it. contains four acres; that the one acre tract be ascertained and located so that it will be bounded on the North by the Garners Ferry Road, on the West by the James Crossing Road and on the South by said Horrell Hill School lot extended to contain four acres as herein provided."

In reaching this conclusion the Judge was under the mistaken impression that there was in the description in the mortgage, quoted above, a comma after the phrase "Horrell High School lot"; but we do not think the presence or absence of a comma at this point is important.

It needs no citation of authority to say that our task is to ascertain and effectuate the intention expressed in the instrument, here mortgage, wherein the reservation or exception is made, in order to determine its extent and location. There is another applicable principle of construction, that in case of ambiguity the reservation must be construed against the creator, the grantor, but the latter yields to the rule of intention as is well illustrated by our case of *Altman v. McBride,* 4 Strob., 208, where the reservation was of "one square acre" but before the execution of the deed the parties marked out the area which was later found to contain more than an acre, and the Court said: "It is true, a deed is to be construed generally against the grantor, and, therefore, the exception carried out in his favor, is to receive no larger construction than the words will naturally import. But here the words are susceptible of the construction put upon them, because, by the parties' measurement, this was a square acre. It is true, by mathematical rule, it afterwards turns out to be not exactly correct. The location made by the parties may be regarded as a square acre, and as thus coming within the words used, and, therefore, within the meaning of the grantor or grantee. When we ascertain thus the intention, the rule that the deed should be construed most strongly against the grantor, is subordinate to that."

The subject is briefly treated in 16 Am. Jur., 599.

It seems to us that whatever doubt may have existed upon the abstract consideration of the words creating the reservation was removed by proof that the grantor had already conveyed four acres to the school. The evidence of that fact was undisputed and seems to us conclusive of the controversy. Furthermore, the plain intent to

locate the one acre reservation on the Garners Ferry Road and also bound it by the school lot is carried into effect by the decision of the Circuit Court.

It is argued that the expression "on the Garners Ferry road" is merely general description and equivalent to "in the neighborhood" of the Garners Ferry Road, but attention is called to the fact that these words had already been used in the description of the whole tract, "fifty-six acres more or less, on the Garners Ferry road" (also expressly stated as a boundary), and unless the words be given their ordinary meaning in the description of the acre reserved, they will be entirely without meaning. We do not think that their effect can reasonably be avoided; they describe a boundary of the acre.

Exception is made to the finding of the trial Judge that the whole tract, before deduction of the acreage of the reservation, contains sixty-one and one-half acres and if the latter be five acres, as adjudged, then there remains fifty-six and one-half acres, and the conveyances were of fifty-six acres. Such circumstance was not conclusive or even of great importance, but it was one of the keys to the problem and was properly so considered by the Court.

The exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur.